IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LEO WEBB, JR., #154 768                *

    Plaintiff,                              *

v.                                          *          2:07-CV-153-MEF
                                                                    (WO)
LT. R. DENNIS, *et al.*,                  *

    Defendants.                         *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate in the custody of the Alabama Department of Corrections, alleges that he was subjected to excessive force and retaliation. He files this action against Lieutenant R. Dennis and Steward James Jones. Plaintiff seeks monetary damages, declaratory relief, and trial by jury. After a careful review of the complaint, as amended, the court concludes that dismissal of Plaintiff's excessive force claim prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

On February 19, 2007 Defendant Dennis ordered Plaintiff to get back to work. After

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

receiving this instruction, Plaintiff turned his back to Defendant Dennis, at which point the guard "malicious[ly] pushed Plaintiff Webb in his back above the waste [sic]." Plaintiff alleges that Defendants' conduct was unprofessional as well as unjustified, as Plaintiff posed no threat of harm. There is no indication that Plaintiff suffered any injury as a result of Defendant Dennis' conduct. (Doc. No. 1.)

"Not every push or shove, even if it may later seem unnecessary..., violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973), *cited with approval in Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10, (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir. 1996) (the application of *de minimis* force does not support a claim for excessive force).

The physical contact about which Plaintiff complains was at most a "*de minimis* use[] of physical force" which is excluded from "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments" as such contact "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10, (quoting *Whitley*, 475 U.S. at 327). *See also Anderson v. Sullivan*, 702 F. Supp. 424, 427 (S.D.N.Y. 1988) (officer who pushed prisoner into a bar and put his hands behind his back to apply handcuffs did not administer excessive force); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir.1985) (corrections officer's pushing a cubicle wall so as to strike plaintiff's legs, a brusque order to an inmate and poking the

2

inmate in the back was *de minimis* force); *Crow v. Leach,* 1995 WL 456357 (N.D. Cal. July 28, 1995) (corrections officer's pushing inmate into chair causing his shoulder to break window behind him was *de minimis* force). Because Plaintiff's excessive force claim against Defendant Dennis fails to state a claim under the Eighth Amendment, it is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's excessive force claim against Defendant Dennis be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. This case with respect to Plaintiff's retaliation claim against the named defendants be referred back to the undersigned for further proceedings.

The Clerk is DIRECTED to furnish a copy of this Recommendation to Defendants Dennis and Jones, General Counsel for the Alabama Department of Corrections, and to the Attorney General for the State of Alabama.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **April 23, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE