IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEO WEBB, JR., #154768　*

　　　Plaintiff,　*

vs.　*　　2:07-CV-153-MEF

Lt. R. DENNIS,　*

　　　Defendant, et al.,　*

　　　　　　　　　　　*

## OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION

<u>Comes now</u>, the Plaintiff in the above styled matter, and makes the following objection to the Magistrate Judge's report and recommendation, and shows as follows:

1]. the Plaintiff avers that the Magistrate Judge's recommendation is in err, and the Plaintiff recognizes that while every push or shove may very well not violate his constitutional rights, never-the-less, the Plaintiff avers that the overall actions of the defendants were to deliberately denial and suppress the Plaintiff's rights, and the primary purpose was to oppress the Plaintiff in a malicious manner outside the scope of their duties which govern the conduct of State Employees acting under the seal of the State, see **Code of Alabama, 1975 T. 14 §  11-1, T. 14 § 11-4, and T. 14 § 3-13.**

2]. the Plaintiff avers that this Honorable Court has the Jurisdiction to decide upon issue of pendent jurisdiction, which this Plaintiff avers that this matter went beyond the mere physical aggression by prison officials, but encompassed the very nature of the inmates incarceration and security level, which the

1

Plaintiff avers that the deliberate action of these defendants clearly denied him the right to be classified in an impartial manner, and the Plaintiff avers that there does exist a clear liberty interest in not having false or misleading information in his prison files that clear are taken into consideration when the Plaintiff is being classified and the facts clearly show, that due to the defendants malicious action, this Plaintiff has suffered and continue to suffer, and the Plaintiff avers that this Honorable Court should be mindful that, at this stage of the proceedings, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. See, **Anderson v. Liberty Lobby**, 477 U. S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The Petitioner avers that the Eighth Amendment and the Fourteenth Amendment to the United States Constitution strickly forbides cruel and unusual punishment and the denial of due process of the laws of the United States and the same is compelled upon the States, and the Plaintiff averred that these violations occurred while the prison official were acting strickland under the color of State law, and the Plaintiff avers tht the core judicial inquiry is that set out in **Whitley v. Albers**, 475 U. S. 312, 320-321, 89 L. Ed. 2d 251, 106 S. Ct. 1078, whether the force was applied in a good-faith effort to maintain or restore discipline, or as in this case maliciously and sadistically to cause harm, and mental distress, and couple that with the disciplinary citations which is filed in the Plaintiff's institutional files and parole board records, which, needless to say, severely affects the Plaintiff security and classification level while in prison, and thus the Plaintiff's

2

present upgraded security and classification due to the malicious and personal action by prison officials, and the Plaintiff avers that the 'objective component' of the Eighth Amendment analysis; whether the alleged wrongdoing is objectively "harmful enough' to establish a constitutional violation, that component is contextual and responsive to 'contemporary standards of decency.' See Wilson v. Seiter, 501 U. S. 294, 115 L. Ed. 2d 271, 111 S. Ct. 2321; also see, Estelle v. Gamble, 429 U. S. 97, 103, 50 L. Ed. 2d 251, 97 S. Ct. 285. Thus the United States Supreme Court has clearly stated that in the excessive force context, such standards always are violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident.

The Plaintiff avers that this matter has been brought in good faith, and the Plaintiff avers that the malicious action of the named defendants did and will continue to affect his classification and security level throughout the remainder of his incarceration period, and the Plaintiff avers that he does state a meritorious claims that warrant the process of service of the complaint, so that the Plaintiff will thereforeafter have a proper record for appellate review towards such treatment.

The Plaintiff avers that the very fact that the Plaintiff cannot have any of the witnesses to his claims against the defendant deposed or receive affidavits thereform due to more prison ppolicies, the Defendants have effectively denied the Plaintiff further harm, because the process open to the Plaintiff through discovery, this Honorable Court now wish to deny the Plaintiff access thereto in order that the Plaintiff can meet his burden of proving further and additional facts in support of his

3

claims presented for Federal Review, and the Plaintiff avers that there is no administrative procedures in which to file grievance of any other procedures that are available administratively prior to this action, and the Defendants action against the Plaintiff were in fact criminal, if only of a misdomeanor (Class A) category, but none the less, the defendants actions against the Plaintiff were unlawful.

The Plaintiff avers that when the remedial powers of a Federal Court are invoked to protect the Constitutional rights of an inmate, the Federal Court may not take a hands-off approach under such circumstances of malicious action by prison officials, which clearly affects the security level and classification of the inmate, See <u>Williams v. Bennett</u>, 689 F. 2d 1370, 1380 (11th Cir. 1982).

**Wherefore**, with these matters taken under review in this objection, the Plaintiff prays that this Honorable Court will proceed and allow for further review of the constitutional violation of the said defendants while acting under the seal of State law, and allow for further actions to be undergone in this civil action.

Done on this the 7th day of May, 2007.

Respectfully Submitted,

_____
LEO WEBB, JR.
PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing

on the Defendants by placing a copy of the same in the G. K. Fountain Correctional Facility United States malibox, postage prepaid and duly stamped and addressed on this the 7th day of May, 2007.

```
              STATE OF ALABAMA
           DEPARTMENT OF CORRECTIONS
               LEGAL DIVISION
   C/O GENERAL COUNSEL DEPARTMENT OF CORRECTIONS
              1 1   SOUTH   UNION   STREET
           MONTGOMERY,  ALABAMA   36130-0152
```

*(signature)*
PLAINTIFF

ADDRESS OF PLAINTIFF:

JOE  WEBB, JR.
AIS# 154768     UNIT# J-77B
G. K. FOUNTAIN COOR. FAC.
F O U N T A I N   3 8 0 0
ATMORE,  ALABAMA   36503

5

Mr. Leo Webb, Jr.
AIS# 154768 Unit# J-77-B
G. K. Fountain Corr. Fac.
Fountain 3800
Atmore, Alabama 36503

**LEGAL**

38101+007



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
C/O Hon. DEBRA P. HACKETT, Clerk
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36130

MAILED FROM ZIP CODE 36502
$00.390
MAY 09 2007