**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LEO WEBB, JR., AIS 154768** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **2:07-CV-153-MEF-SRW** |
| **R. DENNIS, ET AL.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## ANSWER AND SPECIAL REPORT

COME NOW the Defendants, **Rickey Dennis and James Jones,** by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in accordance with this Honorable Court's April 10, 2007 Order, offer the following Answer and Special Report:

### PARTIES

1. Plaintiff Leo Webb is an Alabama Department of Corrections (ADOC) inmate currently incarcerated in Elmore Correctional Facility (ECF).

2. Defendant Rickey Dennis is currently employed by ADOC as a Correctional Supervisor I (Lieutenant) at ECF.

3. Defendant James Jones is currently employed by ADOC as a Steward III at ECF.

### EXHIBIT

EXHIBIT 1 – Affidavit of Rickey Dennis.

EXHIBIT 2 – Affidavit of James Jones.

EXHIBIT 3 – Affidavit of Willie Thomas certifying attached documents.

## PLAINTIFF'S CLAIMS

The only allegations currently before the Court are found in the amended complaint. Plaintiff alleges Chief Steward James Jones conspired with Lt. Rickey Dennis to retaliate against Plaintiff because Plaintiff filed the original pleading in the instant lawsuit against Lt. Dennis.

The alleged act of retaliation is that Chief Steward Jones filed two frivolous disciplinaries against Plaintiff for refusing to work on March 2, 2007. Plaintiff alleges the Defendants conspired and violated his Eighth and Fourteenth Amendment rights and he seeks $100,000.00 in damages and a restraining action concerning the disciplinary proceedings.

## DEFENDANTS' RESPONSE

1.    The Defendants deny that they violated the Plaintiff's constitutional rights.

2.    The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3.    The Plaintiff has failed to state a claim upon which relief may be granted.

4.    The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5.    The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

Inmate Webb was assigned to work in the kitchen at ECF where Defendant Jones is employed as a Steward III. Inmate Webb displayed a negative attitude and refused to perform the duties assigned to him which resulted in Plaintiff being verbally reprimanded on many occasions.

On March 2, 2007, Inmate Webb was assigned to sweep and mop the kitchen. Inmate Webb did not perform his duties in a proper manner. Chief Steward Jones gave instructions to Inmate Webb who replied, "I am tired of this pussy ass kitchen. I want to be shipped from this mother fucking camp anyway." Inmate Webb was disciplined for violating Rule 57 – Insubordination – and Rule 54 – Refusing to Work.

## ARGUMENT

### I. Plaintiff has failed to state a claim of retaliation under 42 U.S.C. § 1983.

The Plaintiff has failed to state a claim of retaliation under 42 U.S.C. § 1983. "Claims alleging retaliation must be factual and mere conclusory allegations of unconstitutional retaliation will not suffice." *Adams v. James*, 797 F. Supp. 940, 948 (M.D. Fla. 1992) (citing *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)). The Eleventh Circuit has routinely applied the analysis enunciated by the Supreme Court in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) to various kinds of retaliation claims brought under 42 U.S.C. § 1983. *See Allen v. Autauga County Bd. of Educ.*, 685 F.2d 1302 (11th Cir. 1982); *Kurtz v. Vickrey*, 855 F.2d 723 (11th Cir. 1988). In *Mt. Healthy*, the Court articulated a burden-shifting standard by which it decides retaliation cases. First, the plaintiff must show by a preponderance of the evidence that his protected conduct was a substantial or motivating factor in the defendant's actions against him. If the plaintiff carries that burden, then the burden shifts to the defendant to prove by a preponderance of the evidence that he would have made the same decision even in the absence of the protected conduct. *Mt. Healthy*, 429 U.S. at 287.

In prisoner cases, however, more is required to state a claim under § 1983 than the mere allegation that prison officials retaliated against the inmate for exercising a

constitutional right.    Federal courts have recognized "that claims by prisoners that particular administrative decisions have been made for retaliatory purposes are prone to abuse." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).  The Seventh Circuit Court of Appeals has provided persuasive guidance in analyzing prisoner retaliation claims brought pursuant to § 1983:

> Not every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment.  Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred. *Murphy v. Lane*, 833 F.3d 106, 108-09 (7th Cir. 1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of the defendants could arguably be inferred" sufficient to overcome a motion to dismiss). *See also Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient").  Barring such a chronology, dismissal may be appropriate in cases alleging retaliatory discipline.

*Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

According to the Eleventh Circuit in *Thomas v. Evans*, "The first amendment prohibits state officials from retaliating against prisoners for exercising the right of free speech." *Thomas v. Evans*, 880 F. 2d 1235, 1241 (11th Cir. 1989)(citations omitted).  The Eleventh Circuit also states, "The first amendment … prohibits state officials from denying a prisoner's legal right of access to the courts."  880 F. 2d 1235, 1241 (11th Cir. 1989).  The Plaintiff's complaint appears to be alleging that Lt. Dennis and Chief Steward Jones retaliated against him in violation of his right of access to the courts.  Nevertheless, not only has the Plaintiff completely failed to provide any evidence that his protected conduct was a substantial or motivating factor in the Defendant Jones' action against him, substantial evidence has been submitted showing that the Plaintiff's own misbehavior resulted in the disciplinary action taken against him.    The Plaintiff's

retaliation claim must fail because the penalties of being issued a disciplinary were not a result of Jones' retaliation against the Plaintiff for the Plaintiff's filing a frivolous civil complaint against Defendant Dennis, but because of the Plaintiff's own infractions. Jones filed the disciplinaries against the Plaintiff because Plaintiff was assigned to work in the kitchen and he refused to do so in violation of ADOC Administrative Regulation 403.

Defendant Jones would have clearly made the same decisions, even if the Plaintiff had not filed a complaint against Defendant Dennis. Therefore, there is no causal connection between the Plaintiff's lawsuit and Jones' actions. It is evident that the adverse action Jones took against the Plaintiff was not a form of retaliation against the Plaintiff. The Plaintiff's own willful and deliberate violation of the prison rules caused the disciplinaries to be filed.

## II. Plaintiff's claims of being denied access to the courts must fail.

If the Plaintiff is alleging that the Defendants retaliated against the Plaintiff in violation of his right of access to the courts, then his argument is not only factually flawed, but legally flawed as well. To successfully bring an action for violation of his right of access to the courts, the Plaintiff must show the court that an injury has occurred. "The doctrine of standing requires that an inmate alleging a violation of the right to access to the courts must show an actual injury." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998)(citing *Lewis v. Casey*, 518 U.S. 334, 349-350, 116 S. Ct. 2174, 2179 (1996)). "The prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Bass*, 143 at 1445 (emphasis added). Furthermore, "In

response to [a] defendant['s] motion for summary judgment, [a plaintiff] [is] required to put forth evidence demonstrating that there [is] a genuine issue as to whether [the plaintiff] suffered actual injury, i.e. whether a defendant['s] actions frustrated [the plaintiff's] presentation of a direct appeal from a conviction, a habeas petition, or a civil rights action." *Id.* (citing *Lewis*, 518 U.S. at 352-57, 116 S.Ct. at 2181-82; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986); *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994)).

The fact the Court has already dismissed the Plaintiff's excessive force claim against Defendant Dennis pursuant to 28 U.S.C. § 1915(e) 2(B) shows that the original action upon which he claims the retaliation was based, was patently frivolous. This Plaintiff has not been injured and does not have standing to file a retaliation claim.

Because the Plaintiff has failed to prove a causal connection between a constitutionally protected activity and the adverse action taken against him by Jones, and due to the substantial evidence that independent reasons existed for the Plaintiff's disciplinary, the Plaintiff's claim is due to be dismissed, or in the alternative summary judgment should be granted in the Defendants' favor.

### III. Plaintiff's claim of conspiracy is due to fail.

In his complaint, Plaintiff mentions the word "conspiracy". Plaintiff's allegation of conspiracy is much more vague and conclusory than those dismissed in *Fullman v. Graddick* 739 F2 558 (11th Cir. 1984) and thus, Plaintiff's pleading fails to state a cause of action.

**IV.  Defendants are immune from suit.**

To the extent that the Defendants are sued in their official capacity as state officers, they are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens.  See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). Lawsuits that attempt to sue state officials in their official capacities are considered suits against the state, thereby invoking Eleventh Amendment immunity. *See Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995); *Robinson v. Phyfer*, 906 F. Supp. 637 (M.D. Ala. 1995); *Sanders v. Miller*, 837 F. Supp. 1106 (N.D. Ala. 1992). Therefore, if the Plaintiff is attempting to state a claim against the Defendants in their official capacities, such a claim would be barred by the Eleventh Amendment.

To the extent that the Defendants are sued in their individual capacity, they should be entitled to qualified immunity. The basic test for qualified immunity was stated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982): "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known."  *Harlow*, 457 U.S. at 818.  In the case of *Hope v. Pelzer,* 536 U.S. 730, 739 (2002), the Supreme Court stated, "[f]or a constitutional right to be clearly established, its contours must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, … but it is to say that in light of pre-existing law the unlawfulness must be apparent." (citations omitted.) Qualified immunity bars claims "so long as [the defendants'] actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Even allegations of animus by the state actor against the plaintiff are not sufficient to overcome the presumption of qualified immunity. *See Hansen v. Soldenwagner*, 19 F.3d 573, 578 (11th Cir. 1994) ("For qualified immunity purposes, the subjective motivation of the defendant-official is immaterial").

The justification for qualified immunity is essentially that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This would not only hinder the employment of state officials in the first place, it would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state and other public officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. *Mitchell*, 472 U.S. at 525-26; *see also Hunter v. Bryant*, 502 U.S. 224 (1991); *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 794 (11th Cir. 1992), *cert. denied*, 507 U.S. 1018 (1993). The Defendants were simply performing their jobs as state officials and are immune from suit.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.   WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them or in the alternative, grant them summary judgment.

Respectfully submitted,

TROY KING
Attorney General

/s/ ***Jeffery H. Long***
Jeffery H. Long
Assistant Attorney General

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 – fax
jlong@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 17th day of May, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of the same upon the Plaintiff by United States Mail, postage prepaid and properly addressed as follows:

Leo Webb, AIS 154768
Elmore Correctional Facility
PO Box 8
Elmore, AL 36025

/s/ ***Jeffery H. Long***
Jeffery H. Long
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEO WEBB, JR., 154768,                        :
                                              :
   Plaintiff,                   :
                                              :
    v.                     : Case No. 2:07-CV-153-MEF
                                              :
LT. R. DENNIS,                                :
                                              :
Defendant.                                    :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Rickey Dennis, who being known to me and being by me first

duly sworn, deposes and says:

My name is Rickey Dennis. I am currently employed with the Alabama Department of

Corrections as a Correctional Officer Supervisor I (Lieutenant) at Elmore Correctional Facility in

Elmore, Alabama. I am over twenty-one (21) years of age.

On or about the day in question, I was the shift commander on duty at Elmore Correctional

Facility. I was called to the kitchen at Elmore Correctional Facility because inmate Leo Webb,

#154768, was refusing to work. I spoke with inmate Webb, and he informed me that he was not

going to work because he had received several disciplinaries and was due to be transferred from

Elmore Correctional Facility. I told inmate Webb that I did not know anything about his status in

regard to disciplinary action or transfer. I then told inmate Webb that he was assigned to work in

the kitchen and he was going to have to work there until his status changed. I also told inmate

Webb that if he refused to work, then I would take disciplinary action against him. He agreed to go



1

to work and went about his business. I did not push inmate Webb. Inmate Webb complied with the order I gave him, and that was the end of my involvement with inmate Webb.

In reference to the amended complaint, this is the first knowledge I have that inmate Webb was filing anything. I have not spoken to Chief Steward James Jones about inmate Webb or about anything going on between Chief Steward Jones and inmate Webb. There is not now, nor has there ever been, a conspiracy between Chief Steward Jones and me against inmate Webb.

All actions on my part were in the line, course and scope of my duties and responsibilities as a shift commander at Elmore Correctional Facility.

I deny having violated any inmate's constitutional rights.


_____
RICKEY DENNIS


STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

_16 TH_ ____ day of April, 2007.


_____
NOTARY PUBLIC

My Commission expires _1-30-11_ _____

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEO WEBB, JR., 154768,                                    :
                                                          :
   Plaintiff,                                             :
                                                          :
     v.                                                : Case No. 2:07-CV-153-MEF
                                                          :
LT. R. DENNIS,                                            :
                                                          :
Defendant.                                                :

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared James Jones, who being known to me and being by me first

duly sworn, deposes and says:

My name is James Jones. I am currently employed with the Alabama Department of

Corrections as a Steward III at Elmore Correctional Facility in Elmore, Alabama. I am over

twenty-one (21) years of age.

Inmate Webb alleges he was wrongfully disciplined as an act of retaliation. Inmate Webb's

allegations are false. Inmate Webb was assigned to work in the kitchen at Elmore Correctional

Facility. It is policy at Elmore Correctional Facility that when an inmate is assigned to any job, he

is to remain on that job for ninety (90) days before he can request a job change. Inmate Webb

chose to remain in the kitchen after his ninety (90) days were up.

Inmate Webb displayed an extremely negative attitude during his assignment to the

kitchen. His negative attitude and his refusal to perform the duties expected of him made it

necessary to verbally reprimand him on numerous occasions. After inmate Webb was verbally

reprimanded on these occasions and informed that he could be disciplined, he would usually



1

comply with the instructions. Inmate Webb's attitude on March 2, 2007 made it necessary for me to issue him a disciplinary for refusing to work and another disciplinary for insubordination.

The Standard Operating Procedure on Utility Personnel informs inmate workers assigned to the kitchen that they are expected to perform other duties as may be necessary for the efficient operation of the shift. The majority of inmate Webb's negative attitude occurred when he was instructed to perform other duties. Inmates assigned to the kitchen whose job performance, attendance, and attitude, etc., fall below what is expected of them are documented on forms such as the ones attached to this affidavit. Inmate Webb's negative attitude made it necessary to document his actions on these forms. I hereby certify the Standard Operating Procedure on Utility Personnel and the other two documents attached to this affidavit to be true and correct copies of documents on file in my office at Elmore Correctional Facility.

I deny that I conspired with Lieutenant Rickey Dennis to retaliate against inmate Webb. I also deny having violated any inmate's constitutional rights.

_James Jones_
JAMES JONES

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

_30th_ day of April, 2007.

_Diane G. Sutherland_
NOTARY PUBLIC

My Commission expires _February 5, 2011_




# *State of Alabama*
# *Alabama Department of Corrections*

Elmore Correctional Facility
P. O. Box 8
Elmore, AL 36025

**BOB RILEY**
GOVERNOR

**WILLIE THOMAS**
WARDEN III

**RICHARD F. ALLEN**
COMMISSIONER

**STEVE WATSON**
WARDEN II

April 6, 2007

Standard Operating Procedure
Number      UP/1

OPR: Chief Steward *James Jones*

## UTILITY PERSONNEL

I.      Purpose:  Responsible to the Chief Steward in the performance of his/her duties.

    1.   Report for duty with a high degree of personal hygiene (clothes, nails, haircuts, and shaves).

    2.   The utility personnel will keep the kitchen floor area clean: sweep and mop floors.

    3.   The utility personnel will clean all restrooms, check inmate restrooms at least three (3) times per shift to ensure it is clean.  Sign posted cleaning report in restroom each time it is checked.  Also write in time checked.

    4.   The utility personnel will breakdown (flatten) kitchen cans and boxes.  He will carry out cooking and baking area garbage cans, which he will carry to the garbage room.

    5.   The utility personnel will keep garbage cans washed out to ensure clean cans when needed.

    6.   The utility personnel will ensure the garbage room is clean at all times.

    7.   Perform other duties as may be necessary for the efficient operation of the shift.

*Chief Steward*

| Inmate Name | Date | Time | Late For Work | Late For Truck | Attitude | Reason |
|---|---|---|---|---|---|---|
| TAVIIAN OWENS | 11/22 | | | ✓ | | |
| ANTONIO McNAIR | '' | | | ✓ | | |
| MARIC MILLER | '' | | | | | |
| BILLY NANCE | '' | | | | | |
| TRAVIS BILLINGSLY | '' | | | | | |
| LEO WEBB | '' | 6:30 | | | ✓ | Bad & Bellagont |
| A. FOSTER | 12/4 | | | | ✓ | NOT WORKING |
| A. FOSTER | 12/7 | | | | | SLEEPING |
| Stephen Carrington | 12/7 | | ✓ | | | |
| N. Rollins | 12/7 | | ✓ | | | |
| K Bryant | 12/7 | | ✓ | | | |
| D. Stokes | 12/7 | | ✓ | | | |
| V. Williams | 12/10 | | | | ✓ | |
| D. Douglas | 1/11/07 | 3:04 PM | ✓ | | | |
| D Douglas | 2/6/07 | 10:15 | ✓ | | | |

If inmate reports to <u>work, or truck late</u>, or has a <u>behavior problem</u>, please fill out behavior citation form and give the warning to the inmate. The second time you have a problem with the same inmate, a citation will be completed and passed on to ICS. Citation and/or work report will be completed and signed by Chief Steward. Chief Steward will turn in reports to ICS with recommendation. If the records indicate no warning has been given to the inmate, will not change his job.

All major infractions, inmate will receive a disciplinary, don't wait on the Chief Steward, handle your own business.

| Inmate Name | Date | Time | Late For Work | Late For Truck | Attitude | Reason |
|---|---|---|---|---|---|---|
| Sedrick Stein | 2/1/07 | 10:15 | ✓ | | | |
| James Parrish | 2/1/07 | 10:45 | ✓ | | | |
| Leo Webb | 2/2/07 | 7:00 | | | ✓ | Poor work always making excuses |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If inmate reports to work, or truck late, or has a behavior problem, please fill out behavior citation form and give the warning to the inmate. The second time you have a problem with the same inmate, a citation will be completed and passed on to ICS. Citation and/or work report will be completed and signed by Chief Steward. Chief Steward will turn in reports to ICS with recommendation. If the records indicate no warning has been given to the inmate, will not change his job.

All major infractions, inmate will receive a disciplinary, don't wait on the Chief Steward, handle your own business.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEO WEBB, JR., 154768,           :
                                 :

    Plaintiff,                :

                                 :

    v.                     : Case No. 2:07-CV-153-MEF

                                 :

.LT. R. DENNIS,            :

                                 :

    Defendant.           :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at .Large, personally appeared Willie J. Thomas, who being known to me and being by me first duly sworn, deposes and says:

My name is Willie J. Thomas. I am currently employed with the Alabama Department of Corrections as a Warden III at Elmore Correctional Facility in Elmore, Alabama. I am over .twenty-one (21) years of age.

I hereby certify the Incident Report and Disciplinary Report for violation of Rule #54 to be true and correct copies of documents on file at Elmore Correctional Facility. I have been informed that inmate Webb was also disciplined for violation of Rule #57. My staff and the staff of Fountain .Correctional Facility, the institution where inmate Webb is now incarcerated, have informed me that the disciplinary for violation of Rule #57 cannot be found.

                                 *Willie J. Thomas*
                                 WILLIE J. THOMAS

EXHIBIT

**3**

PENGAD 800-631-6989

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

_25th_ day of April, 2007.

NOTARY PUBLIC

My Commission expires February 5, 2011

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| 1. Institution: **Elmore Correctional Center** | 2. Date: **March 2, 2007** | 3. Time: 7:00am | 4. Incident Number: Class Code: **ECC 07 - 349 A+B** |
|---|---|---|---|

| 5. Location Where Incident Occurred: **ECC Kitchen** | 6. Type of Incident: #54: Refusing to Work & #57: Insubordination |
|---|---|

| 7. Time Incident Reported: 7:10am | 8. Who Received Report: Sgt. Gregory Smith |
|---|---|

**9. Victims:** Name / AIS

a. N/A — No. _____
b. _____ — No. _____
c. _____ — No. _____

**10. Suspects:** Name / AIS

a. Leo Webb — No. B/ 154768
b. _____ — No. _____
c. _____ — No. _____
d. _____ — No. _____
e. _____ — No. _____

**11. Witnesses:** Name / AIS

a. N/A — No. _____
b. _____ — No. _____
c. _____ — No. _____
d. _____ — No. _____
e. _____ — No. _____
f. _____ — No. _____
g. _____ — No. _____

**PHYSICAL EVIDENCE:**

12. Type of Evidence
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:
a N/A
b
c
d
e

**15. Narrative Summary:**

On March 2, 2007 at approximately 7:00am, Chief Steward James Jones was giving instructions to inmate Leo Webb B/ 154768 about his assigned job which is the utility man and consists of sweeping and mopping in the kitchen. After Chief Jones had observed that inmate Webb had not done his job in a correct manner that is when Chief Jones gave instructions again to inmate Webb. Inmate Webb's reply was, "I am tired of this pussy ass kitchen. I want to be shipped from this mother fucking camp anyway." Chief Jones informed inmate Webb that he would be receiving disciplinary action for rule #57: Insubordination. That is when inmate Webb stated, "If you give me a disciplinary, I am not working. So write it up. I told you I wanted to be shipped anyway." Inmate Webb will receive a disciplinary for rule #54: Refusing to Work. Chief Jones Contacted Sgt. Gregory Smith and reported this incident at approximately 7:10am. Inmate Webb was shook down by Officer Braxton and released from the kitchen. No further action taken at this time.

*Jones Jones*
Chief Steward James Jones

Distribution:  ORIGINAL AND ONE (1) COPY to Central I & I Division          COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File                                                                  COPY to Central Records Office

**ADOC Form 302-A – June 1, 2005**

*to 5-07*

ALDOC Form 225B    *start 1-9-07   end 6-7-07*    *ECC07-349A*    *go dms*

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Leo Webb** _____ Custody: **Min** _____ AIS: **B/ 154768** _____

2. Facility: **ELMORE CORRECTIONAL CENTER**

3. The above named inmate is being charged by **Chief Steward James Jones** with violation of rule number **54** specifically **Refusing to Work** from regulation # **403** which occurred on or about **March 2**, 2007 at (time) **7:05** (am / pm), Location: **ECC Kitchen** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On March 2, 2007 at approximately 7:05am, you inmate Leo Webb #154768 stated to Chief Steward James Jones, "If you are going to write me up I refuse to work. I am not working. I want to be shipped anyway.".**

**March 2, 2007** _____          *James Jones Chief Steward*
   Date                                Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the ___ **5** day of **March** , 20 **07** at (time) **9** ___ (am/pm).

*C Brinson, CO I* _____          x *Leo Webb Jr. 154768*
Serving Officer / Signature / Rank          Inmate's Signature / AIS Number

6. Witnesses desired?    NO **X** *Leo Webb Jr.* _____          YES _____
                        Inmate's Signature                        Inmate's Signature

7. If yes, list: _____

_____

8. Hearing Date **March 8, 2007** _____ Time _____ **7:59am** _____ Place **Shift Office** _____

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

   _____ *[signature]* _____
         Signature / Hearing Officer

11. Plea: *[signature] Leo Webb Jr. 154768* ( **Not Guilty** ) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

   *Sgt [signature]* _____
   Signature / Hearing Officer

ENTERED IN COMPUTER

DATE: *3-7-07*

SIGNED: *[signature]* Annex C to AR 403 (Page 1 of 5)

*3*

13. Arresting Officer's testimony  (at the hearing):   **On March 2, 2007 at approximately 7:05am, you inmate**
    **Leo Webb #154768 stated to Chief Steward James Jones, "If you are going to write me up I refuse to work.**
    **I am not working.  I want to be shipped anyway."**

14. Inmate's Testimony:    **See Attached Statement**

    Witness:  **N/A**                              Substance of Testimony:  **N/A**

    Witness:  **N/A**                              Substance of Testimony:  **N/A**

    Witness:  **N/A**                              Substance of Testimony:  **N/A**

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

    _Signature / Hearing Officer_

16. The following witnesses were not called  -  Reason not called
    1.  **N/A**
    2.  **N/A**
    3.  **N/A**

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that:    __on March 2, 2007, inmate Leo Webb did refuse to work when ordered__
    __by Chief Jones.__

18. Basis for Finding of Fact:    __Based on the arresting officer's sworn testimony that inmate Webb did state,__
    __"If you are going to write me up I refuse to work.  I am not working.  I want to be shipped anyway."__

19. Hearing Officer's Decision:    __XXX___    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    __45 days confinement to disciplinary segregation.__
    __90 days loss of visiting, pass/leave, telephone, store, & TV/radio/movie privileges.__
    __Recommend upgrade in custody.__

    _____
    Signature / Hearing Officer

    __Sergeant Gregory Smith__
    Typed Name and Title

21. Warden's Action / Date    _9 March 2007_
    Approved    _Cpt W Crane_
    Disapproved    _____
    Other (specify)    _____

22. Reason if more then 30 calendar days delay in action.    _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    Named inmate on this the __12th__ day of __March__ 20_07_ at (time) __11__ (am / pm).

    _____          _____ 154768
    Signature / Serving Officer / Title          Inmate's Signature and AIS Number

## Statement

This is clear Double Jepordy
As in ~~Perdue us state~~ which has
been well settled by Alabama courts
that Administration must not punish
A person for the same thing twice.
I have not made such statements in
either incident this is personal And
millish ~~prosition prosecution~~ prosecution
And A misuse of Administration
Regulaction #403 And I plead Duress
to the hearning officer dealing with
chief Jones And this processes I
make known to the hearning officer that
this matter is under federal litigation
As this hearning is being conducted
for retaliation And millish prosecution.
under case number 2:07-CV-153-MEF.
This is no more then Criminal Conspiracy.

Dbr Webb Jr. 154268

## Questions

1) How many minutes APART were these two Disciplinary's?
5

2) Why did I get two Disciplinary's for the same thing twice, in less then five minutes on the same day?
I don't know

3) Isn't this true that this is A double jepperdy envout that warrent milisish prosecution? NO